## FLIASHNICK v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 12, 1915.)

No. 310.

1. POST OFFICE ⬤⇒49—OFFENSES—DETENTION OF MAIL MATTER—ELEMENTS OF OFFENSE.

Criminal Code (Act March 4, 1909, c. 321) § 195, 35 Stat. 1125 (Comp. St. 1913, § 10365), provides that whoever, being a person employed in the postal service, shall unlawfully detain or delay any letter coming into his hands, shall be punished as therein provided. *Held* that, to support a conviction, though the evidence may be circumstantial and depend upon presumptions, there must be some proof that defendant acted unlawfully and with a guilty intent.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. ⬤⇒49.]

2. POST OFFICE ⬤⇒49—OFFENSES—DETENTION OF MAIL MATTER—SUFFICIENCY OF EVIDENCE.

On the trial of a letter carrier for detaining a decoy letter, which was found in the box in which it was deposited after he had collected the mail from such box, evidence *held* insufficient to support a conviction.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. ⬤⇒49.]

3. POST OFFICE ⬤⇒50—OFFENSES—DETENTION OF MAIL MATTER—QUESTIONS FOR JURY.

Where, after a letter carrier had collected the mail from a letter box in which a decoy letter containing money had been deposited, such letter was found with other letters in a different box, whether the carrier placed it there knowingly and with intent to delay its delivery was a question for the jury.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 87–89; Dec. Dig. ⬤⇒50.]

4. CRIMINAL LAW ⬤⇒1169—POST OFFICE ⬤⇒49—DETENTION OF MAIL MATTER—APPEAL—HARMLESS ERROR—EVIDENCE.

The proof of intent with respect to such letter being evenly balanced, the admission of evidence concerning the disappearance of another letter, with which such carrier was not sufficiently connected by the evidence, was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. ⬤⇒1169; Post Office, Cent. Dig. §§ 84–86; Dec. Dig. ⬤⇒49.]

In Error to the District Court of the United States for the Southern District of New York.

The defendant was indicted for having feloniously detained and delayed two letters intrusted to his care as letter carrier. The indictment was found under section 195 of the United States Criminal Code, which is as follows:

"Whoever, being a postmaster or other person employed in any department of the postal service, shall unlawfully detain, delay, or open any letter, postal card, package, bag, or mail intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the postal service, or forwarded through or delivered from any postoffice or station thereof established by authority of the Postmaster-General; or shall secrete, embezzle, or destroy any such letter, postal

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

card, package, bag, or mail; or * * * steal, abstract, or remove from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than five hundred dollars, or imprisoned not more than five years, or both."

The first count of the indictment charges that the defendant, on the 18th day of February, 1914, being employed in the postal service of the United States as a letter carrier, in a branch post office, in the city of New York, did then and there detain and delay a sealed letter intrusted to him and which had come into his possession as such letter carrier, which letter was addressed to the New York Telephone Company, Local Contract and Collection Office, 40 South Fifth Avenue, Mt. Vernon, N. Y.

The second count, mutatis mutandis, charges the defendant with having detained a letter addressed to Messrs. Ludwig Bauman & Co., 500 to 514 Eighth Avenue, New York. He was convicted on both counts.

Pratt, Koehler & Boyle, of New York City (John Neville Boyle, of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., and Frank Morse Roosa, Asst. U. S. Atty., both of New York City, for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The two letters in question were decoy, or test, letters prepared by Inspectors Jacobs and James and mailed by them in letter boxes located, respectively, at the corner of Convent avenue and 133d street and at the corner of Amsterdam avenue and 133d street. The letter mailed at the latter place contained a half dollar silver piece. The inspectors saw the defendant collect the letters from these boxes and, after waiting for his next trip, found that he had not returned the letters to the station. They then apprehended the defendant and found that he did not have in his possession the letters or the contents thereof. The inspectors looked through his mail bag and locker and found no mail there or on his person.

Inspector Jacobs testified:

"I saw the defendant collect the mail from the box, look it over and throw the majority of it in the bag. A manila colored envelope together with another piece of mail the defendant placed in his bag in that fashion (illustrating), the other he threw in."

Inspector James corroborates Inspector Jacobs in the important parts of his testimony. Maurice Schlewger, a substitute letter carrier, was told by the assistant superintendent to collect route 3, and look for the missing letters. When he reached the box at Convent avenue and 133d street he found the missing letter addressed to the Telephone Company face up and close up against the back of the box; there were no other letters in the box. He did not find the other letter addressed to Ludwig Bauman & Co. until he reached the box at 131st street and Amsterdam avenue; there were about 20 letters in the box besides the Bauman letter. His testimony is corroborated by Vath, a substitute letter carrier. There was also testimony that in November, 1913, about three months prior to the transactions in question, a letter

addressed to the Pease Piano Company, West Forty-Second Street, New York, and containing a coin and a bill, was mailed about 2:30 p. m. on November 14th at a letter box at 121st street and Mt. Morris Park West. This letter should have been received at Times Square station about 4:15. The mail on the carriers' desk was searched but the letter was not found.

The defendant was sworn and denied all knowledge of the letters referred to in the two counts of the indictment and of the letter addressed to the Pease Piano Company. He made no objection to being searched and a thorough search was made, but nothing was discovered having any tendency to incriminate him. Evidence was introduced to show his good character in the community in which he lives.

[1, 2] The case presented by the government rests at best upon inconclusive testimony. The defendant is charged with delaying and detaining two letters. The mere fact of detention is insufficient to constitute the crime as it must be accompanied by proof that the letter was detained by the defendant for some unlawful purpose. The evidence may be circumstantial, it may depend upon presumptions, but there must be some proof from which the jury can draw the conclusion that the defendant acted unlawfully and with guilty intent. The proof here is that after the defendant had collected the mail from the boxes where the decoys were placed, these boxes were examined and the letter which is the subject of the first count was found in the box where it was deposited, lying face up on the bottom of the box and as near the back of the box as possible. There were no other letters in this box.

The prosecution was only permitted to prove one similar transaction which occurred about three months before. The proof, however, was wholly insufficient to connect the defendant with the transaction. A letter addressed to the Pease Piano Company was mailed at one of the boxes on the defendant's route; it should have been delivered at Station J and should have arrived at the Times Square station in the usual course. It did not arrive there. Such proof, assuming that a single instance is sufficient to establish intent, was wholly inconsequential for the reason that it failed to connect the defendant with the transaction. No one saw him collect the mail from the box in question or embezzle it or delay its delivery. It may have been stolen or lost at the distributing office, the evidence being that the Times Square station is one of the largest and most busy stations in the city. There being, then, no competent proof of a similar transaction and no predominating proof that the Telephone Company letter was unlawfully delayed by the defendant, the conviction upon that count must be reversed. The fact that the letter was found in the box where it was deposited offers no conclusive presumption of guilt. Its presence in the box may have resulted from inadvertence, carelessness or mistake. Surely it cannot be said that a carrier who leaves a letter which he should have collected in a letter box is guilty of a crime, beyond a reasonable doubt.

[3, 4] The testimony regarding the letter which is the subject of the second count is somewhat stronger for the government for the reason that the letter was not found in the box in which it had been deposited, but in the box at 131st street and Amsterdam avenue, with

about 20 other letters. Assuming that the defendant placed the Ludwig Bauman letter in the box, it is difficult to understand what illegal purpose he sought to accomplish by doing so. However, the jury may have found that he placed it there knowingly and with intent to delay its delivery within the meaning of the statute. In reaching this conclusion they may have been influenced by the testimony offered to establish proof of a similar transaction relating to the Pease Piano Company letter, which, as we have seen, wholly failed to connect the defendant with any unlawful act or purpose. In a case where the proof of intent is evenly balanced such testimony as this may have misled the jury.

The judgment is reversed.