# CRESPO v. UNITED STATES.
## No. 4024.

Circuit Court of Appeals, First Circuit.
Aug. 29, 1945.

B. F. Sanchez Castano, of San Juan, Puerto Rico, for appellant.

Philip F. Herrick, U. S. Atty., of San Juan, Puerto Rico (Francisco Ponsa Feliu and Pascual Amado Rivera, Asst. U. S. Attys., both of San Juan, Puerto Rico, on the brief), for appellee.

Before MAHONEY, Circuit Judge, PETERS and FORD, District Judges.

PETERS, District Judge.

Appeal from a judgment of the United States District Court for Puerto Rico adjudging the appellant guilty of violation of the so-called White Slave Traffic Act, 36 Stat. 825, 18 U.S.C.A. § 398, by transporting women for purposes of prostitution from one place to another in Puerto Rico.

The indictment contains six counts, one for conspiracy and each of the other five for transporting for an immoral purpose a woman from Caguas to Aguadilla, in Puerto Rico, on December 24, 1943, there being five different women transported.

Acquitted on the first count for conspiracy, the defendant was convicted on each of the substantive offense counts and sentenced to imprisonment for five years on the second count, and two years on each of the other counts, to run consecutively.

The Statute is made applicable in express terms to such transportation "in any territory," as well as in interstate and foreign commerce and the District of Columbia; but the appellant claims that it could not have been the intent of Congress "to intervene in matters of interest only to the people of Puerto Rico, that is to say, regulating immorality in general which is within the proper and exclusive domain of the legislature of Puerto Rico"; and that the Federal Act should not be considered as applicable there.

■ We cannot agree with this contention. There is no ambiguity to clear up by resorting to evidence of the intention of Congress, but, if such is resorted to, it is apparent that Congress had definitely in mind transportation within the territories and possessions of the United States, without exception, as well as in interstate commerce. The Committee Report says, of the proposed Act "All of the provisions which make the crime depend upon transportation in interstate or foreign commerce are made applicable to the District of Columbia, the territories and possessions of the United States, including the Panama Canal Zone, without regard to the crossing of district, territorial or state lines, and apply within the territories to the same extent as they apply in cases outside of the territories in interstate or foreign commerce". H.Rep. No.47, 61st Cong., 2nd Session. S.Rep.No. 886. There could hardly be a clearer statement of purpose.

■ There is no question as to the power of Congress to legislate for the territories nor that Puerto Rico is a territory within the meaning of the Act. Downes v. Bidwell, 1901, 182 U.S. 244, 287, 21 S. Ct. 770, 45 L.Ed. 1088; People of Puerto Rico v. Shell Co., 1937, 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235; Cases v. United States, 1 Cir., 1942, 131 F.2d 916, certiorari denied 319 U.S. 770, 63 S.Ct. 1431, 87 L. Ed. 1718.

■ It cannot be doubted that the Act applies to transportation wholly within Puerto Rico. United States v. Beach, 1945, 324 U.S. 193, 65 S.Ct. 602; Sun Chong Lee v. United States, 9 Cir., 1942, 125 F.2d 95.

■ The defendant's objections to the judge's charge to the jury have no merit. It is argued that in the example of circumstantial evidence given in the charge the court did not make it clear that the circumstances must be consistent with guilt only. That point was made before the jury retired, and the judge thereupon charged that "The circumstances relied upon must be consistent with and point unerringly to the guilt of the accused and exclude any other reasonable hypothesis." This amply covers the objection.

■ The defendant's contention that the White Slave Act does not apply to voluntary prostitution is answered by Caminetti v. United States, 1917, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168.

■ It is claimed that there are inconsistencies between the acquittal of the defendant on the conspiracy count in the indictment and the conviction on the counts describing the substantive offense. This is unimportant. Each count is regarded as a separate indictment, and a defendant may be properly convicted of substantive offenses, though acquitted of conspiracy to commit them. Morrissey v. United States, 9 Cir., 1933, 67 F.2d 267, certiorari denied 293 U.S. 566, 55 S.Ct. 77, 79 L.Ed. 666.

■ The defendant claims that there was insufficient evidence before the jury to warrant the verdict of guilty. Five women described in appellant's brief as "well known prostitutes" were transported 100 miles to a house of prostitution, assigned to five of seventeen rooms, and taken to a health unit for necessary examination before doing any "sexual business."

It is claimed it was a pleasure trip merely. The jury thought the purpose of the trip immoral. It would be surprising if they had found otherwise, in view of the evidence. The extent of the business done by the women is unimportant. It is sufficient that the immoral purpose of the transportation appears, as it clearly did.

■ The defendant claims that because the five women were transported from one point to another at the same time in one vehicle, one offense only was committed. We cannot sustain this contention.

The statute prohibits the transportation, for an immoral purpose, of "any woman or girl," using that expression several times, and not "any woman or women."

■ It is not important whether the women were carried together or separately. The essential element of the crime is not transportation alone, but transportation combined with the purpose described in the statute. The crime is complete only when the unlawful purpose is followed by transportation. The intent is personal as to each woman. Conceivably several women could be carried separately from different quarters of a town to the railroad station, given separate tickets, and put on the train for the destination. The fact that it all happened at one time, or that they were all shipped together, is a detail that does not reduce what would otherwise be several offenses to one.

It seems clear that there were here five instances of the transportation of a woman for an immoral purpose. If there had been another woman aboard the car in this case, not connected with the enterprise, there would have been six transportations, —one lawful and five unlawful.

Considering the subject of the legislation it is not to be presumed that Congress intended that operations of the character mentioned, which, occurring at slightly different times, would be considered complete and independent offenses, punishable as such, could be grouped together by the transgressor so as to receive one punishment only.

■ As to whether there is a plurality of offenses, "the test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." Bishop's Criminal Law, 8th Edition, Vol. 1, § 1052. Quoted in Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 714, 59 L.Ed. 1153.

The different counts are equivalent to separate indictments.

Proof of the allegations of the third count, for instance, that Fermina Rodriquez was, on December 24, 1943, transported in Puerto Rico by the defendant for an immoral purpose, would not have supported a conviction for transporting Margarita Negron for such a purpose.

The principle of the Morgan case was applied to an indictment under 18 U.S.C.A. § 312, which made it an offense to injure "any mail bag." The court held that a person who on a single occasion cuts a number of mail bags commits a number of offenses. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151.

The theft of each of several mail bags taken at the same time is a separate offense under a statute making it an offense to steal "any mail bag." 18 U.S.C.A. § 313, Phillips v. Biddle, 8 Cir., 1926, 15 F. 2d 40, certiorari denied 274 U.S. 735, 47 S. Ct. 576, 71 L.Ed. 1311.

In Gillenwaters v. Biddle, 8 Cir., 1927, 18 F.2d 206, 208, a similar point being under consideration, it was said that "the mere fact, if that had been disclosed, that the four women were transported together in one conveyance, would not necessarily imply a single offense."

The defendant's proposition here is supported by the more recent case of Robinson v. United States, 10 Cir. 1944, 143 F. 2d 276 but we feel that a different view is sustained both by reason and authority.

■ The defendant considers that the sentence "was unusual taking into consideration from all the evidence submitted that the girls were well-known prostitutes." In the absence of clear abuse of discretion, which is not shown, the action of the trial court in the matter of sentence is not reviewable, his action being

within the boundaries prescribed by law. On no one count was the maximum sentence given. Tincher v. United States, 4 Cir., 1926, 11 F.2d 18, certiorari denied 271 U.S. 664, 46 S.Ct. 475, 70 L.Ed. 1139.

The judgment of the District Court is affirmed.