## WARNER v. PESCOR, Warden.

### No. 13576.

Circuit Court of Appeals, Eighth Circuit.

Oct. 3, 1947.

Rehearing Denied Oct. 29, 1947.

Appellant pro se.

Sam M. Wear, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal forma pauperis from an order dismissing appellant's petition for a writ of habeas corpus.

The appellant is confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under a judgment of the United States District Court for the Southern District of Mississippi dated November 27, 1944. The judgment is based upon appellant's plea of guilty to an indictment containing six counts. Each of the first three counts charged the theft of a different United States mail bag from a platform truck of the Yazoo and Mississippi Valley Railroad Company, at its depot in Greenville, Mississippi, on September 4, 1944. Section 313, Title 18 U.S.C. A.[1] The fourth count charged the theft of a mail bag on September 25, 1944, at the same place. The fifth count charged the

---

[1] § 313. "Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than $200, or imprisoned not more than three years, or both."

cutting of the straps and cord on the mail bag described in count 1, with intent to steal its contents. Section 312, Title 18 U.S.C.A. The sixth count charged a similar offense with respect to the mail bag described in the second count of the indictment.

The relevant portions of the judgment pronounced by the court upon the appellant's plea of guilty read as follows:

"It is by the Court ordered and adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of

"Count 1: Three (3) Years;

"Count 2: Three (3) Years; said sentence imposed on count 2 to begin to run from and after the expiration of the 3 year sentence imposed on count 1;

"Count 3: Three (3) Years; said sentence imposed on count 3 to begin to run from and after the expiration of the 3 year sentences imposed on each of counts 1 & 2;

"Counts 4, 5 and 6: Three (3) Years on each of said counts 4, 5, and 6; said sentences on counts 4, 5, & 6 to run concurrently and said sentences to run concurrently with the above sentences imposed on counts 1, 2 and 3.

"It is further ordered that a total sentence is imposed against said defendant, in this Indictment, of nine (9) years, to serve."

The appellant asserts that, in legal effect, this is a sentence of three years' imprisonment. He argues that the first three counts charged only one offense, namely, the single and simultaneous theft of three mail bags, the maximum term of imprisonment for which offense cannot exceed three years; and that, since the sentences imposed under the last three counts were to run concurrently and to be served concurrently with the sentences imposed under counts 1, 2 and 3, the total term of imprisonment cannot be construed to exceed three years. The appellant states that he has already served a term of three years.

■ The appellant's argument is ingenious, but unsound. The first three counts of the indictment do not purport to charge a single simultaneous theft of three mail bags. Each count charges a theft on September 4, 1944, of one particularly described mail bag. The indictment does not show that the mail bags were stolen at the same time on September 4 or that their theft constituted one transaction; but, assuming that the three bags were stolen at the same time, as the appellant asserts, the theft of each would, we think, constitute a separate offense, since the proof of the stealing of one of the bags would not have supported the counts of the indictment charging the stealing of the others. See Ebeling v. Morgan, 237 U.S. 625, 631, 35 S.Ct. 710, 59 L.Ed. 1151; Morgan v. Devine, 237 U.S. 632, 638-641, 35 S.Ct. 712, 59 L.Ed. 1153. In Phillips v. Biddle, 8 Cir., 15 F.2d 40, 41, this Court said: "The case of Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, is direct authority that the theft of each bag was a separate offense, even though all of the bags were taken in the same theft." The Supreme Court denied certiorari in the Phillips case in a per curiam opinion reading as follows, 274 U.S. 735, 47 S.Ct. 576, 577, 71 L.Ed. 1311:

"April 18, 1927. On petition for a writ of certiorari to the United States Circuit Court of Appeals for the Eighth Circuit. * * * Motion for leave to proceed further herein in forma pauperis is denied for the reason that the Court, upon examination of the unprinted record herein submitted, finds that there is no ground for the issuance of the writ of certiorari, application for which is hereby also denied. * * *"

The decision of this Court in Phillips v. Biddle, supra, was cited with approval in Crespo v. United States, 1 Cir., 151 F.2d 44, 46, but with apparent disapproval in Kerr v. Squier, 9 Cir., 151 F.2d 308.

■ If we were to assume that the thefts referred to in the first three counts of the indictment in fact constituted but one offense, subject to but one penalty, we would still be of the opinion that the term of imprisonment which the appellant was required to serve was nine years, and not three years. The appellant entered his plea

of guilty to the offenses as charged in the indictment. The judge who received the plea made it clear that he intended that the defendant should serve a total term of nine years. If, instead of first attempting to allocate the total term of imprisonment among the several counts of the indictment, the judge had committed the appellant to the custody of the Attorney General for imprisonment for the period of nine years, there would have been no basis for the argument which the appellant now makes, since there are in the indictment enough counts not subject to question to sustain the judgment. Compare, Vautrot v. United States, 8 Cir., 144 F.2d 740, 741.

Since the appellant's petition has failed to show that he has as yet served the total term of imprisonment imposed by the judgment, his petition for a writ of habeas corpus was properly dismissed. The order appealed from is affirmed.