## WARNER v. UNITED STATES.
### No. 12281.

Circuit Court of Appeals, Fifth Circuit.
June 18, 1948.

E. B. Todd, of Jackson, Miss., for appellant.

Robert E. Hauberg, Asst. U. S. Atty., of Jackson, Miss., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

On September 27, 1944, the appellant entered a plea of guilty to an indictment containing six counts. Each of the first three counts charged the theft on September 4, 1944, of a certain mail bag, being the property of the United States; the fourth count charged the theft on the 25th of September of a certain mail bag, being the property of the United States; the fifth charged the willful cutting of the bag described in the first count; and the sixth count charged the willful cutting of the bag described in the second count. The court imposed a sentence, the pertinent parts of which are as follows:

"Count No. 1: Three (3) Years;

"Count No. 2: Three (3) Years; said sentence imposed on count No. 2 to begin to run from and after the expiration of the 3 year sentence imposed on count No. 1;

"Count No. 3: Three years; said sentence imposed on count No. 3 to begin to run from and after the expiration of the 3 year sentences imposed on each of counts 1 and 2;

"Counts Nos. 4, 5 and 6: Three (3) Years on each of said counts 4, 5 and 6; said sentences on counts 4, 5 and 6 to run concurrently and said sentences to run concurrently with the above sentences imposed on counts 1, 2 and 3;

"It Is Further Ordered that a total sentence is imposed against said defendant, in this Indictment, of nine (9) years, to serve."

From an order overruling his motion to vacate the sentence, the defendant appealed. The argument in support of the appeal is that the indictment charged the simultaneous taking of three mail bags, which constituted only one offense; and that the appellant, having served more than three years of the sentence imposed upon him, is entitled to be discharged after the original sentence shall be corrected, as he claims it should be. The attorney for appellant admits his inability to point to the record for positive indication as to the simultaneous taking of the bags. He also admits that the indictment itself is the only record with reference to the criminal act or acts charged therein. It is true that in the first three counts the date of the offenses was alleged to be "on or about" the 4th day of September, 1944; but this is not sufficient to warrant the inference of a simultaneous asportation of the three mail bags. Especially it is not sufficient in view of what occurred prior to the time and when the plea of guilty was entered, and in view of the internal evidence in the indictment.

The indictment purported to charge six separate offenses; the defendant was arraigned upon, and plead guilty to, all of them; and the court below apparently with great care meted out punishment to the

defendant upon each of all six counts. If no further provision had been made in the judgment, the sentences would have run concurrently, but the court in its discretion provided that the sentence imposed on count 2 was to begin to run "from and after" the expiration of the sentence imposed on count 1. A similar provision was made as to count 3, except that it was to begin to run from the expiration of the sentences imposed on counts 1 and 2. Counts 4, 5, and 6, which admittedly charged separate and distinct offenses, were to run concurrently with the above sentences imposed on counts 1, 2, and 3. We interpret this to mean that count 4 ran concurrently with count 1, count 5 ran concurrently with count 2, and count 6 ran concurrently with count 3. Then in order to remove any possible ambiguity, the following was inserted in the judgment: "It is further ordered that a total sentence is imposed against said defendant, in this Indictment, of nine (9) years, to serve."

Thus the court below made it very clear that the defendant should serve nine years on the first three counts, and also should serve nine years on the last three counts, the latter to be served concurrently with the former. The execution of the sentences on counts 4, 5, and 6 was not suspended; nor was the appellant placed on probation with reference to them. With particularity the court fixed the sentences so that only two of the six might be served concurrently during any one three-year period of the total term. The defendant was thus enabled in nine years to serve sentences aggregating eighteen years.

▉ It was necessary for the sentences under 4, 5, and 6 to run consecutively to each other in order for them to run concurrently with the sentences under 1, 2, and 3; and since it was expressly provided that 1, 2, and 3 should run consecutively, it follows that the sentences under counts 4, 5, and 6 were likewise intended to run consecutively. Thus for each three-year term the prisoner was doubly bound, and if one of the first series of sentences was broken, the other series would be sufficient to hold him. Counts 1, 2, and 3 were links in one chain; 4, 5, and 6, links in the other.

▉ To steal or purloin under 18 U.S.C.A. § 313 means unlawfully to take and carry away the personal property of another. Asportation is an essential element of the offense. Although the allegation in the first three counts is that the theft of each bag was from a platform truck, and took place on the same day, it is reasonable to infer from the internal evidence in the three counts that there was a separate asportation of each bag. As to outgoing trains, the destination of the bags was different in each of the first three counts, and their arrival was upon the same train in only the second and third counts.[1] These facts increase the probability that, while the offenses were committed on the same day, the actual taking and carrying away occurred at different times during the day. When these facts and inferences are added to the conduct of all parties in dealing with the thefts as separate crimes, there is no factual basis to vacate the sentences upon counts 2 and 3, even on appellant's theory of the law applicable to a simultaneous taking of different mail bags; but his contention as to the law has been adjudicated against him on a prior hearing.

▉ In Warner v. Pescor, 8 Cir., 163 F.2d 670, the appellant sought to obtain his release by a writ of habeas corpus, and the court dismissed his petition. Here he is seeking to correct a sentence under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, and the same basic question is involved, which is whether the appellant under the first three counts pleaded guilty to three offenses or to one only. In Warner v. Pescor, supra, the Eighth Circuit held that the theft of each mail bag in this case constituted a separate offense. Its opinion

---

[1] This is shown in the labels on the bags set forth in the indictment, as follows:

Count 1: "To Memphis & New Orleans Train 15 Fr Indianola, Mississippi."

Count 2: "To Memphis & New Orleans ND Train 12 Fr Birmingham & Greenville Train 11."

Count 3: "To Jackson, Mississippi Fr. Birmingham & Greenville Train 11."

cites Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, in which the court held that one who on a single occasion cuts a number of mail bags commits separate offenses under 18 U.S.C.A. § 312, which is a companion statute for the protection of the mails. It compares Crespo v. United States, 1 Cir., 151 F.2d 44, 46, which dealt with the statute prohibiting the interstate transportation of "any woman or girl" for immoral purposes, and wherein the court held that the transportation of five women at the same time constituted five separate offenses. It cites its own case of Phillips v. Biddle, 8 Cir., 15 F.2d 40, holding that the theft of each mail bag constituted a separate offense under 18 U.S.C.A. § 313, which is the statute now before us. We agree with the Eighth Circuit, and the judgment appealed from is affirmed.