SMITH v. UNITED STATES.
No. 12108.

United States Court of Appeals,
Sixth Circuit.

April 20, 1954.

Wilbur F. Smith, pro se.

George E. Woods, Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, U. S. Atty., George E. Woods, Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant was indicted and convicted and sentenced on each of two counts for stealing letters from the mails, the sentences to run consecutively. The appellant contends that there was but one offense and having served the sentence on the first count, he should be released from custody. Both counts are identical except for the allegation in each of a differing addressee of the letter abstracted from the mails.

The appellant pleaded guilty to both counts. Both letters were taken by the appellant, a mailcarrier while delivering mail, on the same day, and there is nothing in either count of the indictment that would in anyway indicate that there was any difference in time or place in their abstraction, or that either was taken in response to a separately formed criminal intent, and nothing to suggest that their abstraction was selective. In these circumstances, we conclude that the theft of both letters was either simultaneous, or that the theft was continuous. There was, therefore, but a single offense, and one of the counts was void and cannot support the double or cumulative sentence. Johnston, Warden v. Lagomarsino, 9 Cir., 88 F.2d 86; Kerr v. Squier, 9 Cir., 151 F.2d 308.

McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273, is urged upon us as in conflict with the above holdings. While we express no view as to the persuasiveness of the discussion therein, the case is clearly distinguishable because in that case a number of mailbags were cut open and rifled and the cutting of a mailbag is an offense separate from the theft under the provisions of the statute, 18 U.S.C.A. § 1709. The sentence under the second count of the indictment is void and should be expunged. If the appellant has served the full sentence under count One, he must be released.

Reversed and remanded for further proceedings consistent herewith.