**UNITED STATES of America**
**v.**
**Ruth EVANS, Defendant.**
**No. 68 CR. 374.**

United States District Court
S. D. New York.

Nov. 19, 1968.

442

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for plaintiff.

Albert J. Krieger, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

The information in this case charges the defendant with embezzlement of a mail parcel in violation of 18 U.S.C. § 1709, which provides in pertinent part:

> "Whoever, being a, postmaster or Postal Service employee embezzles any * * * packages * * * or any article or thing contained therein intrusted to him or which comes into his possession intended to be conveyed by mail * * * shall be fined not more than $2,000 or

imprisoned not more than five years, or both."

After a trial, this Court acquitted the defendant of the charge of embezzlement but reserved decision on the question of whether 18 U.S.C. § 1703(a) was a lesser-included offense for which the evidence warranted the defendant's conviction.

Title 18, United States Code, Section 1703(a), provides in pertinent part:

> "Whoever, being a postmaster or Postal Service employee, unlawfully detains, delays or opens any * * * package * * * intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail * * * or secretes * * * any such * * * package * * * shall be fined not more than $500 or imprisoned not more than five years, or both."

Rule 31(c) of the Federal Rules of Criminal Procedure makes provision for finding a defendant guilty of "an offense necessarily included" in the offense charged. Further, it is established that conviction for a lesser-included offense can only be considered where some of the elements of the crime charged themselves constitute a lesser crime, Sansone v. United States, 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed. 2d 882 (1965); Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), and where the greater offense requires the finding of a disputed factual element not required for a conviction of the lesser-included offense. Sansone v. United States, supra 380 U.S. at 350, 85 S.Ct. 1004; Berra v. United States, supra; United States v. Markis, 352 F.2d 860, 866 (2d Cir. 1965). The general rule, however, in determining whether one crime is a lesser-included offense of another, which test has subsequently been adopted as an interpretation of Fed.R.Crim.P. 31(c), is that "a chargeable lesser offense must be

such that the greater offense cannot be committed without also committing the lesser." Crosby v. United States, 119 U.S.App.D.C. 244, 339 F.2d 743, 744 (1964); Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227, 228 (1966), cert denied, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967); 4 Wharton, Criminal Law & Procedure 754 (1957).

█ It is the Government's principal contention that inasmuch as an individual cannot embezzle a package without, of necessity, delaying or detaining it, Title 18, United States Code, Section 1703(a) is a lesser-included offense to a Section 1709 embezzlement which, therefore, permits the defendant to be convicted of the former without having been specifically charged therewith in the information. The Government further argues that, in accordance with Sansone v. United States, supra, a conviction under Section 1709 requires the consideration of an element not necessary to a conviction under Section 1703(a), that is, the defendant's intention to permanently deprive the rightful owner of his interest in the property. The Government contends that it is sufficient under Section 1703(a) if the delay or detention is merely "for an unlawful purpose", United States v. Costello, 157 F.Supp. 461, 471 (S.D.N.Y. 1957), aff'd, 255 F.2d 876, 881 (2d Cir.), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); Fliashnick v. United States, 223 F. 736 (2d Cir. 1915), or, in this instance, opening the mail without authority to do so.

Although the arguments advanced by the Government, at first blush, appear convincing in a literal sense, a closer look reveals an undercurrent of sophistry which runs contrary to the spirit and purpose of Rule 31(c) of the Federal Rules of Criminal Procedure. In the same sense that one does not spoil food by eating it, one does not delay mail by stealing it. Detention or delay is only relevant to those parcels which remain within the stream of commerce. Once removed therefrom, by an act of embezzlement, a parcel, for all practical purposes, no longer exists, and it is sophistry to argue that something which does not exist within the confines of the postal system can be delayed or detained therein.

Furthermore, a consideration of the within sections is no different from an attempt to compare apples with pears. The gist of Section 1703(a) is tampering, whereas the gist of Section 1709 is theft, and no stretch of the imagination can convince this Court that the former can in any way be considered a lesser degree of the latter. 23A C.J.S. Criminal Law § 1288 (1961); Orfield, Criminal Procedure under the Federal Rules § 31:11 at 137 (1967); see People v. Thomas, 58 Cal.2d 121, 23 Cal.Rptr. 161, 373 P.2d 97 (1962).

In view of the conclusions reached herein, it is unnecessary at this time for this Court to reach a determination as to whether a lesser-included offense can be a crime which carries a lesser fine than that required for the alleged greater offense, but which possesses an equivalent term of imprisonment. See James v. United States, 16 Alaska 513, 238 F.2d 681, 683 (9th Cir. 1956).

Accordingly, it is the opinion of this Court that Title 18, United States Code, Section 1703(a) does not represent a lesser-included offense with respect to Section 1709 for which the defendant could be convicted on the basis of the within information.

So ordered.