**UNITED STATES of America**

v.

**Oscar TREVINO.**

**Crim. No. 72–C–19.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

June 19, 1972.

Ellis C. McCullough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Charles N. Cartwright, Corpus Christi, Tex., for defendant.

## ORDER

OWEN D. COX, District Judge.

The indictment herein charges Defendant Oscar Trevino, a Postal employee, in Count One, with, on or about January 21, 1972, at Alice, Texas, unlawfully stealing, abstracting and removing a First Class letter which had theretofore been entrusted to him and had come into his possession, intended to be conveyed by mail, in violation of 18 U. S.C. § 1709; and, in Count Two, with, on or about the same date and in the same city, committing a similar offense, but the letters involved carried different addressees at different addresses and different return addresses than those in Count One. There are no allegations which indicate whether the letters were taken at the same time or at different times.

The Defendant has filed a motion demanding that there be an election at the time of trial as to which particular offense the government will prosecute, contending that under the indictment as it presently reads that he will be prosecuted and, if convicted on both counts, punished twice for the same offense.

There are no Fifth Circuit cases directly in point. A similar case is Warner v. United States, 168 F.2d 765 (5 Cir. 1948), which involved the theft of three mailbags under the provisions of a different statute than that with which this Defendant is charged with violating. Nevertheless, the situation in *Warner* is sufficiently similar to be convincing

authority in this case. The Court in *Warner* says, "It is true that in the first three counts the date of the offenses was alleged to be 'on or about' the 4th day of September, 1944; but this is not sufficient to warrant the inference of a simultaneous asportation of the three mailbags."

This Court is satisfied that no election is required at this time. In the event that the evidence as presented by the government is such that the facts fit the case of Smith v. United States, 211 F.2d 957 (6 Cir., 1954), the Defendant will be granted the opportunity to be heard on this motion again at that time.

The motion of the Defendant for an election at the time of trial is denied.