**UNITED STATES of America, Plaintiff,**

v.

**Felicia D. DAVIS, Defendant.**

**Crim. No. 9–80418.**

United States District Court,
E. D. Michigan, S. D.

Sept. 17, 1979.

Gershwin Drain, Deputy Federal Defender, for defendant.

Virginia M. Morgan, Asst. U. S. Atty., Ann Arbor, for plaintiff.

### MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Defendant is charged in a six count indictment handed down on July 17, 1979 with violating 18 U.S.C. sections 1703(a) and 1709. This matter is presently before the Court on two motions made by defendant.

Defendant moves, first, to consolidate counts one, two, and three into a new count one, and counts four, five, and six into a new count two. Count one of the indict-

ment as it presently stands charges that on April 4, 1979 defendant, being an employee of the United States Postal Service, did "secrete, destroy, detain, delay and open mail" in violation of 18 U.S.C. § 1703(a); and refers to a specific item of mail with a named addressee. Counts two and three are identical to count one, except that they refer to other items of mail with different addressees.

Count four of the indictment charges that on April 4, 1979 defendant, being an employee of the Postal Service, did "steal, abstract and remove" $2.00 from a specific item of mail with a named addressee in violation of 18 U.S.C. § 1709. The fifth and sixth counts are identical except that they specify items of mail with different addressees and different amounts of currency. The letters involved in counts one, two and three are the same letters involved in counts four, five and six respectively.

Defendant bases her motion to consolidate the six counts into two on *Smith v. United States*, 211 F.2d 957 (6th Cir. 1954). In *Smith* the defendant pleaded guilty to two counts of stealing letters from the mails in violation of 18 U.S.C. § 1709, and was sentenced on each count, the sentences to run consecutively. Both counts were identical except that each named an item of mail with a different addressee. The defendant argued that he should be released after serving only one of the sentences because the indictment actually charged only one offense. The court agreed, stating:

> Both letters were taken by the [defendant] while delivering mail, on the same day, and there is nothing in either count of the indictment that would in any way indicate that there was any difference in time or place in their abstraction, or that either was taken in response to a separately formed criminal intent, and nothing to suggest that their abstraction was selective. In these circumstances, we conclude that the theft of both letters was either simultaneous, or that the theft was continuous. There was, therefore, but a single offense, and one of the counts was void and cannot support the double or cumulative sentence.

211 F.2d at 958. The court held that the sentence under the second count of the indictment was void and should be expunged.

On the basis of *Smith* defendant contends that since all counts of the indictment specify the same April 4, 1979 date, the acts charged by counts one, two and three constitute only one offense and should be combined in one count, and likewise that counts four, five and six constitute a single offense and should be consolidated. The government argues that whether the counts are multiplicitous cannot be determined prior to trial but rather should be decided at the conclusion of the government's direct case.

 It is clear that if the alleged opening of the three letters in violation of section 1703(a) was simultaneous or continuous and the product of a single criminal intent, only one offense was committed. *See Smith, supra,* 211 F.2d at 958; *Johnston v. Lagomarsino,* 88 F.2d 86 (9th Cir. 1937), *cited with approval, Smith, supra.* The same analysis applies with respect to the counts charging the removal of currency from the three letters in violation of section 1709. However, that the alleged acts all occurred on the same day does not demonstrate that they were done simultaneously or continuously. *See Warner v. United States,* 168 F.2d 765 (5th Cir. 1948) (theft of mailbags). Thus, whether the counts are multiplicitous cannot be decided on the face of the indictment, and rather must await determination based on the facts brought out at trial. As the United States Supreme Court stated in *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952), "[w]hether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts." 344 U.S. at 225, 73 S.Ct. at 231.

The propriety of postponing determination of whether the indictment charges the same offense in multiple counts is demonstrated by *United States v. Trevino,* 349

F.Supp. 132 (S.D.Tex.1972), a case almost identical to the instant one. In *Trevino*, a two count indictment charged the defendant with stealing letters in violation of 18 U.S.C. § 1709, the counts differing only in that they described letters with different addressees. As in the instant case, the indictment did not indicate whether the letters were taken at the same or different times. The court denied the defendant's motion to require the government to make an election, stating:

> This Court is satisfied that no election is required at this time. In the event that the evidence as presented by the government is such that the facts fit the case of *Smith v. United States*, 211 F.2d 957 (6 Cir. 1954), the Defendant will be granted the opportunity to be heard on this motion again at that time.

349 F.Supp. at 133. Thus, if at trial the evidence presented in the government's case demonstrates that the indictment should have charged less than six offenses, defendant may move at that time to have counts actually dealing with the same offense consolidated.

■ Defendant's second motion is one demanding an election between section 1703(a) or section 1709 as the charged offense. 18 U.S.C. § 1703(a) provides that any Postal Service employee who "secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him" shall be fined not more than $500 or imprisoned not more than five years, or both. 18 U.S.C. § 1709 provides that any Postal Service employee who "embezzles any letter, postal card, package, bag or mail, or any article or thing contained therein" or "steals, abstracts or removes from any such letter package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

Defendant bases her motion to compel election on dicta in *United States v. Evans*, 45 F.R.D. 441 (S.D.N.Y.1968). In *Evans* the defendant was charged with "embezzlement of a mail parcel" in violation of 18 U.S.C. § 1709. The government argued that 18 U.S.C. § 1703(a) is a lesser included offense of section 1709, and that thus, the defendant could be convicted of detaining mail in violation of section 1703(a) even though the indictment did not specifically charge this offense. The court rejected this argument, stating:

> Detention or delay is only relevant to those parcels which remain within the stream of commerce. Once removed therefrom, by an act of embezzlement, a parcel, for all practical purposes, no longer exists, and it is sophistry to argue that something which does not exist within the confines of the postal system can be delayed or detained therein.

45 F.R.D. at 443.

On the basis of *Evans* defendant argues that the indictment cannot consistently charge her with violating both section 1703(a) and section 1709 with respect to the same letters, since the letter could not have been both removed from the chain of commerce and detained while in the chain of commerce. However, this argument overlooks an important factual distinction between *Evans* and the instant case. While in *Evans* the defendant was charged with embezzling an item of mail, defendant here is charged with violating section 1709 by removing the contents from an item of mail. Removing the contents of a letter which is in the stream of commerce is not inconsistent with delaying the letter in its travel in the stream of commerce.

More importantly, this Court is not convinced that *Evans* was correct in stating that section 1703(a) applies exclusively to cases where the item of mail involved remains in the stream of commerce. Section 1703(a) prohibits the destruction as well as the delay of mail, and a letter that is destroyed obviously does not remain in the stream of commerce.

For these reasons, defendant's motions are denied. An appropriate order shall be submitted.