## CARPENTER v. HUDSPETH, Warden.

### No. 2061.

Circuit Court of Appeals, Tenth Circuit.
May 13, 1940.

Rehearing Denied July 3, 1940.

Kenneth M. Wormwood, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

By this appeal we are asked to review an order of the trial court denying a petion for a writ of habeas corpus to discharge petitioner from further detention in the federal penitentiary at Leavenworth, Kansas. Two indictments were returned in the United States Court for Southern Illinois. The first contained four counts and charged respectively that petitioner and others broke the seal on a described railroad car containing an interstate shipment of freight with the intent to commit larceny therein; that they stole certain footwear from such car; that they bought, received and had such footwear in their possession, well knowing that it had been thus stolen; and that they conspired to break seals on railroad cars containing interstate shipments, to steal merchandise therefrom, and to buy, receive and conceal merchandise which had been stolen from interstate shipments of freight. The second indictment likewise contained four counts. The first charged the entering of the car with the intent to commit larceny

therefrom; the second charged the theft of certain folding tables therefrom; the third charged the purchase, receipt and concealment of such tables, well knowing that they had been thus stolen; and the fourth charged a conspiracy to receive and conceal such tables. The two causes were consolidated for trial, and petitioner was found guilty on each count in both indictments. He was sentenced to a term of five years each on the first, second and third counts, and to a term of two years on the fourth count of the indictment in the first case, with provision that such sentences should run consecutively; and he was sentenced to like terms on the respective counts in the indictment in the second case; but it was further provided that the sentences imposed in the second case should run concurrently with those imposed in the first, that is to say, seventeen years in the aggregate. Commitment issued on December 17, 1930, petitioner was delivered to the respondent as warden of the penitentiary, and he is being detained under such process.

The essence of the contention advanced by petitioner is that the first, second, and third counts in each indictment were based upon one continuous transaction which constituted a single offense for which the maximum imprisonment authorized by law was ten years; that such maximum together with the term of two years imposed under the fourth count amounted in the aggregate to twelve years; and that with allowance for good conduct provided by statute, service of the sentences was completed on January 13, 1939. Inasmuch as the sentences in the two cases run concurrently it will suffice to consider only those imposed in the first case. No complaint is made in respect to the sentence of two years under the fourth count. The contention is therefore narrowed to the sentences under the first, second, and third counts. These counts were drawn under section 1 of the Act of January 28, 1925, 43 Stat. 793, 18 U.S.C.A. § 409, the pertinent parts of which provide:

"That whoever shall unlawfully break the seal of any railroad car containing interstate or foreign shipments of freight or express, or shall enter any such car with intent in either case to commit larceny therein; or whoever shall steal or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, station house, platform, depot, wagon, automobile, truck, or other vehicle, or from any steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express, or shall buy or receive or have in his possession any such goods or chattels, knowing the same to have been stolen; * * * shall in each case be fined not more than $5,000, or imprisoned not more than ten years, or both, and prosecutions therefor may be instituted in any district wherein the crime shall have been committed."

The statute clearly embraces several separate and distinct offenses. Breaking the seal of a railroad car containing an interstate shipment of freight is one; entering the car with intent to commit larceny therein is another; stealing merchandise from the car is a third; and concealing property with knowledge that it had been stolen from such a car is a fourth. Morris v. United States, 8 Cir., 229 F. 516; Greenburg v. United States, 7 Cir., 253 F. 728; Caudle v. United States, 8 Cir., 278 F. 710. And the power of Congress thus to provide that separate acts, though parts of a continuous transaction, shall constitute separate crimes cannot be doubted. Burton v. United States, 202 U.S. 344, 26 S. Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied, 308 U. S. 549, 60 S.Ct. 79, 84 L.Ed. ——.

In a case of this kind where a single continuous transaction may constitute a violation of distinct provisions in a statute, the test in determining whether separate offenses are charged in different counts of the indictment is whether each count requires proof of a fact which is not required of the others. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Norton v. Zerbst, 10 Cir., 83 F.2d 677, certiorari denied, 299 U. S. 541, 57 S.Ct. 24, 81 L.Ed. 398; Reger v. Hudspeth, supra. Here proof of breaking the seal with intent to commit larceny in the car was sufficient to warrant a conviction upon the first count. No proof of entering the car, committing larceny from it, or receiving or concealing the stolen property was required. Again, proof of larceny of merchandise from the car was enough to justify conviction upon the second count. No proof of breaking the seal, or of concealing the stolen chattels was necessary. And proof of having possession of the stolen merchandise at a subsequent

time and different place from its theft, with knowledge that it had been stolen, was sufficient to support conviction upon the third count. One defendant receiving it from another could have been convicted on such proof even though he did not take part in breaking the seal, entering the car, or committing the larceny. It is manifest that the several counts each charged a separate and distinct crime, entirely apart from the others.

Inquiry cannot be made here as to whether proof was offered on the trial of the criminal case to support each of the several counts. Appeal is the exclusive remedy where a defendant is convicted and sentenced without the requisite proof to sustain the charge. It must be conclusively presumed in a habeas corpus proceeding of this nature that adequate proof was adduced to support the several offenses as charged. Reger v. Hudspeth, supra.

The order denying the petition for the writ is affirmed.