## UNITED STATES v. CARPENTER.
### No. 8300.

Circuit Court of Appeals, Seventh Circuit.
May 26, 1944.

Attorney Lewis L. Levin was appointed by this court to represent Carpenter on this appeal.

Appellant is now serving in the Army, having been paroled for such service.

Lewis L. Levin, of Chicago, Ill., for appellant.

Howard L. Doyle and Marks Alexander, U. S. Atty., both of Springfield, Ill., for appellee.

Before EVANS, SPARKS and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Appellant argues that a proper interpretation of the grammatical and structural composition of the statute (18 U.S.C.A. § 409) necessitates the conclusion that Congress meant to impose penalties for any of three separate *classes* or *categories* of crimes. It did not, however, mean to make a separate crime of every *act* described in each of the several classes or categories. In support of such theory, counsel points out that each category begins with the identical word "whoever" and is set off by semi-colons, whereas the several condemned acts within the respective categories are not so stated, merely being joined with the disjunctive "or" and separated by commas.

The statute reads (we add the numerals which appellant uses to designate his categories):

"(1) Whoever shall unlawfully break the seal of any railroad car * * * or shall enter any such car with intent in either case to commit larceny therein; (2) or whoever shall *steal* or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, * * * with intent to convert to his own use any goods or chattels * * *, or shall buy or *receive* or have in his possession any such goods or chattels, knowing the same to have been stolen; (3) or whoever shall steal or shall unlawfully take, carry away, or by fraud or deception obtain with intent to convert * * *

any baggage, * * * or shall break into, steal, take, carry away, or conceal any of the contents of such baggage, or shall buy, receive, or have in his possession any such baggage * * * shall *in each case* be fined not more than $5,000 or imprisoned not more than ten years, or both * * *."

It is counsel's urge that the second and third counts, namely, for stealing and for receiving, are for but a single crime in that they are both covered by the one category, i. e., class (2), and therefore appellant has suffered two five year sentences for but one crime.

Appellant also stresses the phrase *"in each case"* as being indicative of Congressional intent to impose a sentence only upon each of the *classes of acts* outlined.

A second contention, which was the one involved in the habeas corpus proceedings, is that the charge of stealing and possessing does not define two crimes because only one criminal intent was involved. In other words, in all cases where there is a stealing, there is, per se, a possessing.

Counsel stresses the fact that the bill of exceptions, which was not consulted on the prior appeal because not duly filed, disclosed that appellant was not even at the site of the crime, but a block distant, and only by virtue of a conspiracy or by proxy could he be deemed to have participated in the stealing.

Appellant also contends that there is duplication of punishment in the imposition of a sentence on the conspiracy count, for the same evidence was used to gain a conviction on this count as was used to establish guilt under the first three counts.

The earnestness of counsel, the severity of the sentence, and the parolement of appellant to service in the army, have all impelled us to re-examine this statute and the decisions.

We repeat the statute, but in skeleton form. It would seem that crimes were described therein as follows:

(1) break the seal
    enter
(2) (as to goods or chattels in interstate commerce)
    steal
    unlawfully take
    carry away
    conceal
    obtain by fraud or deception
    buy
    possess
(3) (as to any baggage)
    steal
    unlawfully take
    carry away
    obtain by fraud or deception.

Congress defined and penalized every conceivable form of act, every gradation of the process of burglarizing interstate commerce, when it enumerated these many acts. It intended to make criminal *any* act therein recited. If two of the acts in any category were disclosed, two crimes were committed. It would be different if the terms were synonymous or the acts, one within the scope, or partial scope of the other, but each defines an act of a different nature. It is true that one who steals generally possesses, but the contrary is not inherently true.

Another possible explanation for the categorical structure of the section might be that one category relates to the stealing of interstate freight, a second to stealing of baggage, and the third, the initial steps of such larceny, i. e., entering a freight car.

■ We are unable to read the statute other than that Congress intended to make each and every separate act named, a separate crime. See Blockburger v. United States, 7 Cir., 50 F.2d 795; Id., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126. If the construction seems harsh, it must also be appreciated that there is a vast difference between the maximum and the minimum sentence provision as there is a vast difference between the action and motives of different offenders. In the trial judge, there is lodged wide discretion, and if misjudgment results in too severe judgments, the accused may secure relief through executive clemency, as well as by parole.

■ Our problem is to construe the statute. In so doing, we cannot rewrite it, nor ignore the language which is clear.

The court is indebted to counsel appointed to represent appellant, for his earnest and devoted effort to aid the court.

The judgment is affirmed.