## UNITED STATES v. DUNBAR.

### No. 8732.

Circuit Court of Appeals, Seventh Circuit.

May 5, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1577.

Floyd Dunbar, of Alcatraz, Cal., pro se.

Howard L. Doyle and Marks Alexander, U. S. Atty., both of Springfield, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from an order of the District Court denying his motion to modify sentence and correct judgment. He states that the question presented by his appeal is: "After having been charged, convicted and sentenced for larceny of merchandise, can appellant again be charged, convicted and sentenced for receiving and having in his possession the said same merchandise, the aggregate of the sentences imposed being double the maximum of the applicable statute?"

The precise question sought to be raised by this appellant has twice been resolved against a co-defendant of his, first in a habeas corpus proceeding in a United States District Court in the Tenth Circuit, the denial of relief in which was affirmed on appeal by the Court of Appeals, and subsequently on a petition to vacate and invalidate the sentence, the denial of which in the court in which the judgment had been entered was affirmed by this court on appeal. See Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126; United States v. Carpenter, 7 Cir., 143 F.2d 47. This court had previously held itself without authority to review the evidence upon which the judgment was entered because the bill of exceptions had not been timely filed. See Dunbar v. United States, 7 Cir., 65 F.2d 497, certiorari denied, 290 U.S. 626, 54 S.Ct. 81, 78 L.Ed. 546.

Since the power of the court to convict and impose consecutive sentences on separate counts for acts alleged to constitute parts of a single continuous transaction was fully discussed in the first two opinions referred to above, we deem it unnecessary to discuss this question further. Both courts held that the statute under which the two indictments charging appellant and his co-defendants were drawn, 18 U.S.C.A. § 409, clearly embraced several

separate and distinct offenses, and that it was no error for the court to impose sentences to be consecutively served.

Appellant also suggests in his brief that he was not even in the state when the thefts with which he was charged occurred, hence that he could not have been guilty of them. We are no more in a position to examine the evidence as to this now than we were when the original appeal was presented to us, in the absence of a bill of exceptions properly signed and settled.

Order affirmed.