## RIVERA v. UNITED STATES.

### No. 3995.

Circuit Court of Appeals, First Circuit.

Aug. 29, 1945.

B. F. Sanchez Castano, of San Juan, Puerto Rico, for appellant.

Philip F. Herrick, U. S. Atty., of San Juan, Puerto Rico (Francisco Ponsa Feliu and Pascual Amado Rivera, Asst. U. S. Attys., both of San Juan, Puerto Rico, on the brief), for appellee.

Before MAHONEY, Circuit Judge, and PETERS and FORD, District Judges.

PETERS, District Judge.

Appeal from a judgment of the United States District Court for Puerto Rico adjudging the defendant guilty of violations of the Federal Firearms Act, 52 Stat. 1250, 15 U.S.C.A. § 902(e). The indictment contains two counts, one for transporting a firearm within the Territory of Puerto Rico, the defendant having been previously convicted of a crime of violence, i.e., aggravated assault and battery; and the other for transporting ammunition for firearms within the territory, after the same conviction.

The defendant finds fault with the indictment on the ground that it does not

48

charge him with an offense; claiming that transportation in interstate commerce is not charged by an allegation of transportation "in and within the territory of Puerto Rico"; and that in any event the Act should not be held to apply to transportation wholly within the territory, since Congress did not so intend, having established a Puerto Rican Legislature to legislate in such local matters.

That the Act in question, like the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq., applies to transportation wholly within Puerto Rico, we have no doubt. See Crespo v. United States, 1 Cir., 1945, 151 F.2d 44.

■ That the indictment sufficiently describes in each of the two counts an offense prohibited by the statute, is equally certain. The Act makes it "unlawful for any person * * * who has been convicted of a crime of violence * * * to * * * transport * * * in interstate * * * commerce any firearm or ammunition." By § 1 of the Act, 15 U.S.C.A. § 901 interstate commerce includes commerce "within any Territory or possession."

■■ It is urged in behalf of the defendant that he could not be properly convicted of more than one offense because the ammunition he was charged with transporting was carried in the pistol which he was separately charged with transporting, and used with it when he shot a man named Marcano with three or four shots.

This contention cannot be sustained. It is based on much the same reasoning as was advanced by the defendant in the Crespo case above mentioned, where several prostitutes were transported together. As we said in that case: "As to whether there is a plurality of offenses, 'the test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be.'"

The second count here is equivalent to a second indictment. It is clear that proof of transporting ammunition would not sustain a charge of transporting firearms, and vice versa.

■■ It is contended that the evidence was not sufficient to sustain a conviction. That contention is based partly on the fact that there was no evidence that either the pistol or the ammunition was brought into Puerto Rico in interstate commerce after the Act became effective. That was not important. It was not the introduction, covered by § 2(f) of the Act, that was involved, but the transportation solely. As to the transportation, the evidence is ample that the defendant, having the loaded revolver, traveled to the place where it was used and proceeded to another place, having the revolver and a part of the ammunition—all in Puerto Rico.

The judgment of the District Court is affirmed.