## CARROLL v. SANFORD
### No. 12198.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1948.

Paul Crutchfield, of Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tsinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

■ Section 409 of Title 18 U.S.C.A., punishes not only those who steal interstate freight but also whoever "shall buy or receive or have in his possession any such goods or chattels knowing the same to have been stolen". The thief can, after stealing, have in his possession the stolen property knowing the same to have been stolen, and thus commit a further and different offense, and be punished for both. United States v. Dunbar, 7 Cir., 149 F. 2d 151; Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126. We do not say that the possession involved in the act of stealing would suffice, because the goods must have been fully stolen before there could be knowledge that they were stolen goods. In the present habeas corpus hearing it appeared from the record of conviction in 1944, and from the evidence, that a case of cigarettes was stolen by appellant and on the same date

the same case of cigarettes was in his possession, and that he was given separate consecutive sentences as for the two crimes under discussion, the first sentence having now been served. This is not enough to show that he is suffering double punishment for the same offense contrary to the Constitution.

Judgment affirmed.