## CARROLL v. UNITED STATES.
### No. 10800.

United States Court of Appeals
Sixth Circuit.

May 18, 1949.

SIMONS, Circuit Judge, dissenting in part.

Charles T. Carroll, alias "Chisel" on brief, pro se.

Ferdinand Powell, Jr., Knoxville, Tenn. (Otto T. Ault, Chattanooga, Tenn. and Ferdinand Powell, Jr., Knoxville, Tenn., on brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal allowed in forma pauperis by the district court from the denial of appellant's motion for vacation and correction of sentence. On guilty plea, appellant was sentenced to five years' imprisonment on each of two counts of an indictment charging violation of section 409 of the Criminal Code, U.S.C.A., Title 18, section 409 [now § 659].

The first count charged appellant with *stealing goods from an interstate shipment of freight,* and the second count charged him with *having in his possession such goods, knowing the same to have been stolen.* The sentences of imprisonment on the two counts were pronounced to run consecutively for an aggregate sentence of ten years.

The motion to vacate and to correct the sentence averred that the court did not ask appellant whether he wished counsel and

did not appoint counsel for him, although he had requested the court to do so; and that he did not have counsel and did not enter a plea of guilty to count two of the indictment. The motion averred further that the charges in count one and count two of the indictment constitute only one offense; that Congress did not intend that two separate sentences be pronounced; and that the sentence on count two of the indictment is illegal under the statute and should be vacated.

■ The record directly and positively contradicts the averments of appellant respecting his guilty plea to the second count of the indictment and as to his request for counsel. This is not a habeas corpus proceeding and we must, therefore, accept the record of the judgment and commitment entered by the district court as accurate and truthful in the recital of what occurred when appellant was arraigned and sentenced. The Judgment and Commitment entered in the district court reads as follows:

"On this 3rd day of January, 1944, came the United States Attorney, and the defendant Charles T. Carrol, alias 'Chisel' appearing in proper person, and having been asked whether he desired counsel assigned by the Court, replied that he did not, and,

"The defendant having plead guilty of the offense charged in the indictment in the above-entitled cause, to wit: Stealing certain goods and chattels which were then and there moving as, and which were a part of and which constituted an interstate shipment of freight and possessing said goods and chattels in violation of Title 18, § 409, U.S.C. [18 U.S.C.A. § 409] as charged in the two counts of the indictment, and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, It is by the court

"Ordered and Adjudged that the defendant, having plead guilty of said offense, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of Five (5) Years from and after this date on each of the two counts of the indictment, said sentences to run consecutively. (An aggregate sentence of Ten (10) Years to be served.)

"It is further ordered that he pay the costs of the cause.

"It is Further Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the same shall serve as the commitment herein.

"(Signed) Geo. C. Taylor,
"United States District Judge."

■ The majority of the court is of opinion that stealing goods from an interstate shipment of freight and the possession of the same goods with knowledge that the same have been stolen constitute separate and distinct offenses under section 409 of the Criminal Code;[1] and that it is, there-

---

[1] "§ 409. Larceny, etc., of goods in interstate or foreign commerce; penalty. Whoever shall unlawfully break the seal of any railroad car containing interstate or foreign shipments of freight or express, or shall enter any such car with intent in either case to commit larceny therein; or whoever shall steal or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, station house, platform, depot, wagon, automobile, truck, or other vehicle, or from any steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express, or shall buy or receive or have in his possession any such goods or chattels, knowing the same to have been stolen; or whoever shall steal or shall unlawfully take, carry away, or by fraud or deception obtain with intent to convert to his own use any baggage which shall have come into the possession of any common carrier for transportation from one State or Territory or the District of Columbia to another State or Territory or the District of Columbia or to a foreign country, or from a foreign country to any State or Territory or the District of Columbia, or shall break into, steal, take, carry away, or conceal any of the contents of such baggage, or shall buy, receive, or have in his possession any such baggage or any article therefrom of whatever nature, knowing the same to have been stolen, shall in each case be fined not more than $5,000, or imprisoned not more than ten years, or

fore, lawful to impose separate punishment for stealing and for felonious possession of the stolen goods. This has been the long accepted and applied interpretation of the statute by the United States District Courts, and has been upheld directly by three United States Courts of Appeals, namely, those for the Seventh Circuit, the Tenth Circuit, and the Fifth Circuit. United States v. Carpenter, 7 Cir., 1944, 143 F.2d 47. United States v. Dunbar, 7 Cir., 1945, 149 F.2d 151, certiorari denied, 325 U.S. 889, 65 S.Ct. 1577, 89 L.Ed. 2002; Carpenter v. Hudspeth, 10 Cir., 1940, 112 F.2d 126; Carroll v. Sanford, 5 Cir., 1948, 167 F.2d 878.

Judge Bratton pointed out in Carpenter v. Hudspeth, supra, that the statute clearly embraces several separate and distinct offenses: (1) breaking the seal of a railroad car containing an interstate shipment of freight; (2) entering the car with intent to commit larceny therein; (3) stealing merchandise from the car; and (4) concealing property with knowledge that it had been stolen from such a car; and that the power of Congress thus to provide that separate acts, though parts of a continuous transaction, shall constitute separate crimes cannot be doubted.

Judge Evan Evans, in United States v. Carpenter, supra, made a careful and logical analysis of the statute, even to the point of considering and weighing the argument of appellant in that case based upon the grammatical and structural composition of the statute and the placement of semicolons and commas. He skeletonized the statute into the separate crimes described therein, and stated that Congress had defined and penalized every conceivable form of act, every gradation of the process of burglarizing interstate commerce, when it enumerated the many acts intended to be made criminal. He said: "If two of the acts in any category were disclosed, two crimes were committed. It would be different if the terms were synonymous or the acts, one within the scope, or partial scope of the other, but each defines an act of a different nature. It is true that one who steals generally possesses, but the contrary is not inherently true. * * * We are unable to read the statute other than that Congress intended to make each and every separate act named, a separate crime. See Blockburger v. United States, 7 Cir., 50 F.2d 795; Id., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126. If the construction seems harsh, it must also be appreciated that there is a vast difference between the maximum and the minimum sentence provision as there is a vast difference between the action and motives of different offenders. In the trial judge, there is lodged wide discretion, and if misjudgment results in too severe judgments, the accused may secure relief through executive clemency, as well as by parole. Our problem is to construe the statute. In so doing, we cannot rewrite it, nor ignore the language which is clear." 143 F.2d 48.

It should be observed that, in the instant case, the district judge would have been empowered within the limit of the statute to impose a sentence of ten years' imprisonment on the first count of the indictment; but he chose to impose five-year consecutive sentences on the two counts. It is obvious from his order, quoted above, that he considered that an aggregate ten-year sentence was required to make the punishment fit the crime. It is thus apparent that appellant has not been prejudicially affected by the judge's chosen course even were he right in his contention, which the majority of the court thinks he is not.

In United States v. Dunbar, supra, in which certiorari was denied by the Supreme Court, the Court of Appeals for the Seventh Circuit held again, in affirming an order of the district court denying the motion of the convicted defendant to modify sentence and correct judgment, that the district court had power to impose sentences, for theft of merchandise from a railroad car and for possession of the same merchandise, to be served consecutively even though the separate offenses constituted parts of a single continuous transaction.

While the Supreme Court has made it clear that the denial of a writ of certiorari imports no expression of opinion upon the merits of a case, we are constrained to

---

both, and prosecutions therefor may be instituted in any district wherein the crime shall have been committed.
* * * "

think that denial of certiorari in United States v. Dunbar, supra, should not be treated as meaningless. The precise issue here was there presented and involved the continuance, if erroneous, of long established practice in the district courts to treat theft from interstate commerce shipment and possession of the goods so stolen as separate and distinct offenses. In view of the importance of the question in the administration of criminal justice in the United States Courts, it would seem that had the Supreme Court considered the practice wrong and that double punishment was unlawfully being meted out the decision of the Court of Appeals in the Dunbar case, which followed the earlier decisions, would have been reversed. This is a reasonable inference from the fact that the Supreme Court did correct the error of the inferior federal courts when it held that the offense of bank robbery by the use of deadly weapons, as defined in section 588b(b), Title 12 U.S.C.A. [now 18 U.S.C.A. § 2113], is the same offense described in section 588b(a), aggravated by the use of a deadly weapon; and that Congress did not intend to define two separate offenses, but only one. See Lockhart v. United States, 6 Cir., 136 F.2d 122, 124, and cases there cited.

The Court of Appeals for the Fifth Circuit has declared itself in accord with the opinions of the Seventh and Tenth Circuits upon the subject matter. In Carroll v. Sanford, 5 Cir., 167 F.2d 878, it was held that a thief can, after stealing goods from an interstate shipment, have in his possession the stolen property knowing it to have been stolen and thus commit a further and different offense under section 409 of the statute and be punished for both.

The order of the district court denying appellant's motion to vacate sentence under count two of the indictment and to correct the sentence is affirmed.

SIMONS, Circuit Judge (dissenting in part).

Congress provided for a maximum penalty of ten years to be imposed for the theft of goods from an interstate shipment. By sustaining the cumulative sentences imposed in the present case, and by following the authorities which the opinion cites, it is made possible for a district judge to sentence a thief for twenty years, provided there is added to the theft count of the indictment a count charging the possession of the stolen goods at the time and place of the theft. Since there can be no stealing without contemporaneous possession, cumulative penalties for both result in double punishment for the same offense and could not, in my view, have been the purpose of the Congress. Whether possession of the stolen goods at another time and place constitutes a separate offense is a different question and does not have to be here considered. I would reverse with direction to the court to set aside the five year cumulative penalty for possession.