## UNITED STATES v. DOLASCO.

### No. 10188.

United States Court of Appeals
Third Circuit.

Argued Oct. 2, 1950.

Decided Oct. 19, 1950.

Samuel D. Bozza, Newark, N. J. (Frank B. Bozza, Newark, N. J., on the brief), for appellant.

Martin D. Moroney, Asst. U. S. Atty., Newark, N. J. (Alfred E. Modarelli, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before ALBERT LEE STEPHENS, GOODRICH and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the validity of a conviction for stealing goods which were in the course of interstate commerce. 18 U.S.C.A. § 659.

Defendant was indicted in two separate counts, one for stealing goods in interstate commerce, the other for receiving or possessing such goods knowing them to have been stolen.[1] The jury rendered a verdict of guilty on the stealing count and not guilty on the receiving count and judgment was

---

1. Both counts are based on 18 U.S.C. 659 (Supp.1950) previously 18 U.S.C. 409 (1940).

entered accordingly. The defendant contends (1) that the court erred in denying his motions for a directed verdict of acquittal; (2) that the verdict of guilty on the stealing count cannot stand because it is inconsistent with a verdict of not guilty on the possessing count and (3) that the trial judge confused and coerced the jury. We shall take up defendant's contentions in that order.

■ The question to be decided on the first is whether the case should have been submitted to the jury. Some vital portions of the government's case were based on circumstantial evidence. The rule with regard to this type of evidence is that for a conviction the evidence must exclude every reasonable hypothesis of innocence. It may well be that the rule is archaic and based upon mistaken premises.[2] It has, however, been reiterated many times in this and other circuits [3] and the present case does not call for reconsideration of its correctness. The judge charged the jury in strict accordance with the rule. Specifically he said, "The evidence which you regard must be such as to exclude every reasonable hypothesis except that of guilt before you may convict. If it does not exclude every hypothesis of innocence you must acquit."

■ To reverse upon this point, we should have to say that the jury could not have rationally reached a conclusion of guilty upon the evidence in this case, guided by the instruction quoted. We think, on the contrary, the jury reached the only possible rational conclusion once it accepted the truth of the government's chief witness and rejected that of the defendant. The question of credibility was of course for the jury.

If the government's evidence is taken to be true we have the following facts proved. Defendant arranged with one Louis Noce about April 4, 1949, to store "some stuff" in Noce's garage in Newark, N. J. On the morning of April 18 a McCormick truck, which was carrying goods in interstate commerce, disappeared from the place in Newark where the driver had left it. Within an hour of the time the truck was last seen where the driver had parked it, its cargo was being unloaded into Noce's garage. Defendant was present and stated to Noce, "Here is the stuff, I am unloading the stuff." After the cargo was removed the truck was driven off, with defendant following close behind in a car driven by him. Later the same morning the stolen goods were transferred by Noce's employees to a different garage also owned by Noce, with the consent of defendant, and he was present during this transfer. Defendant appeared about a week later with three other men and a truck in which the goods were finally removed to a place unknown. Defendant was not seen physically to touch any of the goods upon any of these occasions or actively to give directions for any of the operations. Defendant was, however, unable to do heavy work because of an earlier injury.

The fact that in his April 4 conversation with Noce defendant was arranging storage *for the goods which appeared in the McCormick truck* and that in being present as above described he was participating in the actual theft was a conclusion which had to be drawn from the above facts if there was to be a conviction. We think this is the only reasonable inference which could be drawn. It would certainly stretch the imagination to infer anything else.

2. See Wigmore, Evidence § 26 (3d ed. 1940); Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied, 1947, 331 U.S. 837, 67 S. Ct. 1511, 91 L.Ed. 1850; McCoy v. United States, 9 Cir., 1948, 169 F.2d 776, 784; United States v. Austin-Bagley Corp., 2 Cir., 1929, 31 F.2d 229, 234, certiorari denied, 1929, 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002; United States

v. Becker, 2 Cir., 1933, 62 F.2d 1007, 1010.

3. United States v. Tatcher, 3 Cir., 1942, 131 F.2d 1002; United States v. Russo, 3 Cir., 1941, 123 F.2d 420; Girgenti v. United States, 3 Cir., 1936, 81 F.2d 741; U. S. v. Gasomier Corp., D.C.Del. 1948, 7 F.R.D. 712; Gargotta v. United States, 8 Cir., 1935, 77 F.2d 977; Parnell v. United States, 10 Cir., 1933, 64 F.2d 324.

There are two answers to the defendant's second ground for reversal, the alleged inconsistency of the verdicts. A short one is that consistency in the verdicts is not necessary, even though the same evidence is offered in support of each. Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356.[4] Each count in the present indictment charges a separate crime [5] and it is enough if there is sufficient evidence to support the jury's verdict of guilty on any one.

Second, the two verdicts are not necessarily inconsistent. The jury may well have believed that defendant participated in the stealing of the goods but that he never had possession or received them in the sense in which those terms are understood by laymen. Defendant was never seen to handle the goods, and it may well be too much for a group of non-lawyers to see how a man has received something he has not touched. That this was in the minds of the jurors is evidenced by the fact that when the jury was summoned for further instructions, and upon being told that "a person may be guilty of stealing merchandise whether he does it himself or through people working under his direction," the jury reached a verdict quickly. The defendant cannot complain that the judge did not add that he may also be guilty of possessing stolen goods if they are possessed by persons acting under his direction and control.[6] If such an omission was error, it was in the defendant's favor.

Third. The defendant's contention that the trial judge confused and coerced the jury is based on the fact that the judge, in his charge, without request and in the absence of any previous mention of it, read the language of 18 U.S.C.A. § 2 [7] to the jury and later, after the jury had deliberated 4½ hours, summoned it and instructed it inter alia that "a person may be guilty of stealing merchandise whether he does it himself or through people working under his direction." Certainly these instructions were a correct statement of the law. The statute is too well known to require explanation. The court correctly instructed the jury on this point, and it is difficult to see any basis for the argument that this either confused or coerced the jury.

The judgment will be affirmed.

---

4. There is language to the contrary in John Hohenadel Brewing Co. v. United States, 3 Cir., 1924, 295 F. 489, 490, but this must be taken as repudiated by Sturcz v. United States, 3 Cir., 1932, 57 F.2d 90, 91, decided on the authority of the Dunn case.

5. Carroll v. Sanford, 5 Cir., 1948, 167 F. 2d 878.

6. See Cohen v. United States, 7 Cir., 1921, 277 F. 771, 773.

7. "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." 62 Stat. 684 Act June 25, 1948, 18 U.S.C.A. § 2, previously 18 U.S.C. § 550.