**Lessie B. HENRY and Mildred Louise McDavis, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14079.**

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1954.

**640**

Russell E. Parsons, Beverly Hills, Cal., Abbott C. Bernay, Maurice T. Leader, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Max F. Deutz, Manley J. Bowler, Richard L. Sullivan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Lessie B. Henry and Mildred Louise McDavis are appealing from judgments of conviction for four violations each of § 174, Title 21 U.S.C.A. Two of the offenses related to the facilitation of transportation of heroin and two related to the selling of the heroin transported.

In the month of February, 1953, Franklin J. Stafford, a known narcotics user, who, a couple of years earlier, had been convicted of the possession of narcotics, was in the employ of the Bureau of Narcotics, as an informer. Stafford had known appellant Henry and his mother for over three years and claimed that he and Henry together had been in the narcotics selling business. During the month and year mentioned, according to his testimony, Stafford, while visiting in the Henry home, asked Henry if he could purchase some heroin to which Henry replied in the affirmative. A week or so later Henry telephoned Stafford he was ready to perform and said someone would meet Stafford at a certain street corner. Stafford was furnished with $300 marked currency by the Bureau of Narcotics officers and searched to determine that he had no narcotics on his person. Stafford then proceeded to the rendezvous where he met appellant Mildred L. McDavis. McDavis took the currency and directed Stafford to go to an oil station where he would find packaged heroin in a clump of bushes. Stafford followed directions and found the package which contained 436 grains of heroin.

The next day Stafford attempted to reach Henry by telephone at the latter's home but was told by McDavis, who answered the telephone call, that Henry was not at home but that he could be reached at another telephone number which she gave him. Stafford followed directions successfully and arranged with Henry to repeat the business of the day before. Shortly thereafter, McDavis telephoned Stafford and the two arranged to meet on a certain street corner. They met accordingly and McDavis gave directions which were followed resulting in Stafford's finding a package in a telephone booth containing 430 grains of heroin.

Appellants claim lack of evidence to support the convictions on the ground that Stafford was a disreputable character and should not be believed. The point is without merit, as the credibility of witnesses is primarily for the trial court and we see no abuse of that

authority. Danziger v. United States, 1947, 9 Cir., 161 F.2d 299; Newman v. United States, 1946, 9 Cir., 156 F.2d 8; Brown v. American Nat. Bank, 1952, 10 Cir., 197 F.2d 911. Also, see Trice v. United States of America, 1954, 9 Cir., 211 F.2d 513, on the point under consideration and generally on entrapment which is the subject of the next point to be considered.

■ We find no merit in the demand for reversal on the ground of entrapment.

The leading case of Butts v. United States, 1921, 8 Cir., 273 F. 35, cited by appellants, does not support them. The principle in the Butts case is that illegal entrapment is present when the informer induces one who is not a dealer in the denounced substance and who yields only after being lured to do so by deceitful representation and opportunities. Without repeating the testimony, it is certain that no such situation is present here.

No conclusion from the testimony could be drawn other than that both Henry and McDavis were experienced in the sale of heroin and that they illegally sold the heroin in the two instances and facilitated the transportation thereof to the places where the packages were found.

■■ That the facilitation of transportation of and the sale of the heroin constitute two distinct offenses has been definitely settled by numerous authorities. As was succinctly stated in Morey v. Commonwealth, 108 Mass. 433, and approved in Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489, " 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' " See, also, Pereina v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358; Rosenberg v. Dinno, 1953, 346 U.S. 271, 73 S.Ct. 1152, 97 L.Ed. 1607, (concurring opinion); Remaley v. Swope, 1938, 9 Cir., 100 F.2d

31; Mathews v. Swope, 1940, 9 Cir., 111 F.2d 697.

The Supreme Court, this court, and perhaps every United States Court of Appeals has continued to rule in accordance with the principle stated in the quotation.

Affirmed.