Benjamin F. RAYBORN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12602.

United States Court of Appeals
Sixth Circuit.

June 20, 1956.

(Benjamin R. Rayborn, Alcatraz, Cal., on the brief), for appellant.

William B. Jones, Louisville, Ky. (J. Leonard Walker, Charles M. Allen, Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This appeal is from the district court's denial of a motion filed under 28 U.S.C.A. § 2255, to vacate and correct the appellant's thirty year prison sentence. At issue are two aspects of the recurring question of how many separate criminal offenses can properly be carved out of a single transaction.

In 1947 the appellant was found guilty by a jury on each of fourteen counts of an indictment. He received the maximum sentence of five years imprisonment on each count, some of the sentences to run concurrently and some consecutively, totalling thirty consecutive years.

Two of the counts charged the appellant with receiving stolen government property, each of these counts identifying the property in question as a submachine gun of a different serial number.[1] The evidence showed that the two machine guns were received by the appellant on separate occasions, and he concedes that the receipt of each of them constituted a separate offense. Two additional counts charged him with receiving and possessing the same two machine guns which had been transferred in violation of the registration and tax requirements of the Internal Revenue Code.[2] Consecutive five year sentences were imposed upon each of these four counts.

The appellant contends that the offenses charged in the first two counts necessarily embraced those specified in the second two, and that only one offense was therefore committed with respect to each machine gun, permitting a maximum sentence of but ten years. Although this argument is not without some force, the district judge was not in error in concluding that four

---

1. At the time of appellant's conviction the statute he was charged in these two counts with violating provided as follows: "*Receiving stolen public property.* Whoever shall receive, conceal, or aid in concealing, or shall have or retain in his possession with intent to convert to his own use or gain, any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, which has theretofore been embezzled, stolen, or purloined by any other person, knowing the same to have been so embezzled, stolen, or purloined, shall be fined not more than $5,000, or imprisoned not more than five years, or both; and such person may be tried either before or after the conviction of the principal offender." 18 U.S.C. § 101 (1946 Ed.). Cf. 18 U.S.C.A. § 641.

2. "Unlawful acts—(a) *Possessing firearms unlawfully transferred.* It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 2720, 2721(b), 2722, 2723, 2727, and 2731 of this subchapter." 26 U.S.C. § 2726 (1946 Ed.).

separate crimes had been committed. The test of identity of offenses is generally stated to be, "whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." Morgan v. Devine, 1915, 237 U.S. 632, 641, 35 S.Ct. 712, 715, 59 L.Ed. 1153. See Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Failure to follow the affirmative procedures required by the Internal Revenue Code with respect to firearms is a specific omission, requiring evidence different from that required to prove the receipt and concealment of stolen government property.

The remaining counts charged the appellant with the interstate transportation, of various weapons and ammunition at a time when he was a fugitive from justice.[3] Each weapon and each lot of ammunition of different caliber was made the subject of a separate count. Some of the five year sentences on these counts were made to run concurrently with the twenty year sentence already discussed, but additional consecutive sentences totalling ten years were also imposed.[4]

All the firearms and ammunition in question were concededly transported simultaneously by the appellant on a single trip from Louisville, Kentucky, to Buffalo, New York. Relying primarily upon Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 622, 99 L.Ed. 905,[5] the appellant argues that the simultaneous interstate transportation of these guns and ammunition constituted but one offense under the statute. The Supreme Court's decision in the Bell case was announced after the district court had entered its order in the present case. The Court there decided that the transportation of two women for an immoral purpose on an interstate trip in one vehicle constituted a single offense. It is true as pointed out in the prevailing opinion in the Bell case, that in determining the " 'unit of prosecution' " under a criminal statute the answers that have been given under other criminal statutes are not necessarily helpful. Compare Alabama Packing Co. v. United States, 5 Cir., 1948, 167 F.2d 179; Kerr v. Squier, 9 Cir., 1945, 151 F.2d 308; Johnston v. Lagomarsino, 9 Cir., 1937, 88 F.2d 86 with McKee v. Johnston, 9 Cir., 1939, 109 F.2d 273; United States v. Antrobus, 3 Cir., 1951, 191 F.2d 969; Oddo v. United States, 2 Cir., 1949, 171 F.2d 854.

Yet the same reasoning that impelled this court in Smith v. United States, 6 Cir., 1954, 211 F.2d 957, to hold that the simultaneous theft of two letters from the mails was only one offense certainly supports the appellant's position here. Moreover, the reasoning of the Supreme Court's opinion in the Bell case points clearly to the conclusion that a fugitive who transports several firearms and ammunition on an interstate journey is guilty of a single crime. This follows a fortiori, since under the statute here in question, only the transportation need be proved if the transporter is a fugitive, while under the Mann Act, 18 U.S.C.A. § 2421 et seq. there must be proof of an individualized criminal intent as to each woman transported. In Rivera v. United States, 1 Cir., 1945, 151 F.2d 47, and Mercado v. United States, 1 Cir., 1950, 183 F.2d 486, the Court of Appeals for the First Circuit held that the single transportation of a firearm and ammunition constituted two punishable crimes.

3. "It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition." 15 U.S.C.A. § 902(e).

4. One additional count charged the interstate transportation of a stolen firearm in violation of 15 U.S.C.A. § 902(g), but the five year sentence imposed on this count was made concurrent with the first five years of the twenty year sentence above discussed, and is therefore not here in issue.

5. Reversing this court's decision in 6 Cir., 1954, 213 F.2d 629.

As appellant points out, however, these decisions were based upon the reasoning of that court's prior decision that the single transportation of five women in the same vehicle constituted five separate Mann Act violations. Crespo v. United States, 1 Cir., 1945, 151 F.2d 44. That reasoning was rejected by the Supreme Court in the Bell decision.

██ Were the government's argument here to prevail, it is difficult to see why the interstate transportation of each individual bullet could not support a separate five year prison sentence, as was pointed out during oral argument. Such a result would hardly be in accord with the Supreme Court's words in the Bell decision: "It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment." 349 U.S. at page 83, 75 S.Ct. at page 622.

The additional ten year sentence imposed upon the cumulative counts of transporting weapons and ammunition should be expunged and the total sentence reduced to twenty years. The order of the district court is reversed, and the case remanded for that purpose.