Otis W. O'NEILL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12801.

United States Court of Appeals
Sixth Circuit.

Aug. 20, 1956.

John J. Kane, Jr., Cleveland, Ohio, for appellant.

Loren Van Brocklin, Asst. U. S. Atty., Cleveland, Ohio (Sumner Canary, Cleveland, Ohio, on the brief), for appellee.

Before ALLEN and MILLER, Circuit Judges, and STARR, District Judge.

STARR, District Judge.

Appellant O'Neill was arraigned in the district court January 14, 1955, under an information charging him in six counts as follows:

Count 1: "On or about December 1, 1954, * * * Otis W. O'Neill, while officially employed as a regular clerk in the United States Post Office at Warren, Ohio, did steal, remove, abstract, and embezzle 138 first-class letters addressed to the Trumbull County Tuberculosis and Health Association * * * in violation of Title 18, Section 1709, United States Code."[1]

Count 2: "On or about and during the period November 23, 1954, and December 1, 1954, * * * Otis W. O'Neill, while officially employed as a regular clerk in the United States Post Office at Warren, Ohio, did steal, remove, abstract, and embezzle 689 first-class letters addressed to the Trumbull County Tuberculosis and Health Association * * * (and) did open said letters and did remove, abstract and embezzle their contents, all in violation of Title 18, Section 1709, United States Code."

Count 3: "On or about November 23, 1954, * * * Otis W. O'Neill * * * did steal a letter addressed to the Trumbull County Tuberculosis and Health Association * * * bearing the return

---

1. 18 U.S.C. § 1709: "Whoever, being a postmaster or Postal Service employee, embezzles any letter, postal card, package, bag, or mail or any article or thing contained therein intrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

address of Wilson D. Reesman, * * * and did embezzle the contents of said letter * * * in violation of Title 18, Section 1709, United States Code."

Count 4: "On or about November 30, 1954, * * * Otis W. O'Neill * * * did steal a letter addressed to the Trumbull County Tuberculosis and Health Association * * * bearing the return address of Sam Vittorio, * * * and did embezzle the contents of said letter * * * in violation of Title 18, Section 1709, United States Code."

Count 5: "On or about November 23, 1954, * * * Otis W. O'Neill * * * did steal a letter addressed to the Trumbull County Tuberculosis and Health Association * * * bearing the return address of J. W. Quinn, * * * and did embezzle the contents of said letter * * * in violation of Title 18, Section 1709, United States Code."

Count 6: "On or about November 23, 1954, * * * Otis W. O'Neill * * * did steal a letter addressed to the Trumbull County Tuberculosis and Health Association * * * bearing the return address of Thomas C. Ryan, * * * and did embezzle the contents of said letter * * * in violation of Title 18, Section 1709, United States Code."

Appellant pleaded guilty of the offense charged in each of the six counts of the information and was sentenced to a prison term of two years under count 1, and to a term of one year under each of the remaining five counts, said sentences, aggregating seven years, to run consecutively.

On November 21, 1955, while confined in the Federal Penitentiary at Atlanta, Georgia, appellant filed a motion in pursuance of 28 U.S.C. § 2255 [2] to vacate, set aside, and expunge from the record the sentences imposed for the offenses charged in counts 1, 3, 4, 5, and 6 of the information, on the ground that the offense charged in count 2 was a continuing offense and included all of the incidents and offenses charged in the other five counts. The district court denied this motion, and he appeals.

Count 2 of the information contained a blanket charge that during the period of nine days, November 23, through December 1, 1954, defendant O'Neill stole and embezzled 689 letters, all addressed to the Trumbull County Tuberculosis and Health Association and that he opened them and embezzled their contents. This count charged a continuing intent, purpose, and offense of embezzling letters addressed to the Trumbull County Association during said nine-day period, and the defendant was sentenced to a term of one year for this offense. Count 1 of the information charged that on or about December 1, 1954, which was during the same nine-day period, defendant stole and embezzled 138 letters, all addressed to the Trumbull County Association. Counts 3, 4, 5, and 6 each charged that on a specified date during the same nine-day period defendant stole and embezzled a single described letter addressed to the Trumbull County Association, and embezzled its contents. However, the information does not indicate, and there is no showing, as to whether or not the 142 letters involved in counts 1, 3, 4, 5, and 6 were a part of and included among the 689 letters involved in the blanket charge in count 2.

If the 142 letters involved in counts 1, 3, 4, 5, and 6 were a part of and included among the 689 letters involved in the blanket charge in count 2, for which defendant was sentenced, it is clear that the imposition of sentences under counts 1, 3, 4, 5, and 6 constituted multiple punishment for the single, continuing offense charged in count 2, in violation

2. 28 U.S.C. § 2255: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

of the Fifth Amendment of the Constitution.

Furthermore, since the government elected to charge in count 2 the single, continuing intent, purpose, and offense of embezzling letters addressed to the Trumbull County Association during the nine-day period, it could not split up that single offense by selecting and withholding certain letters addressed to the association and embezzled during this same period, and charge their embezzlement as separate and additional offenses in counts 1, 3, 4, 5, and 6. In other words, the particular embezzlements charged in counts 1, 3, 4, 5, and 6 were merely parts of and included in the continuing offense during the nine-day period. As defendant O'Neill was sentenced for the single, continuing offense charged in count 2, the imposition of additional sentences under counts 1, 3, 4, 5, and 6 likewise constituted multiple punishment for the single offense, in violation of the Fifth Amendment. Smith v. United States, 6 Cir., 211 F.2d 957.

Therefore, the order of the district court denying the defendant's motion is reversed and set aside, and the case is remanded with direction to vacate and expunge from the record the sentences imposed under counts 1, 3, 4, 5, and 6 of the information. In case the defendant has served the full sentence imposed under count 2 of the information, he should be released.