**Walter Howard THOMAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15496.**

United States Court of Appeals
Ninth Circuit.

Oct. 18, 1957.

Walter Howard Thomas, in pro. per.

Lloyd H. Burke, U. S. Atty., James B. Schnake, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before LEMMON, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

Appellant has requested that his appeal be heard upon the briefs filed, without oral argument. The Government having no objection, it was so ordered.

Appellant was convicted by a jury of 25 counts of violation of 18 U.S.C. § 641. Counts 1 through 12 charged appellant with theft of Government property, Counts 13 through 24 with sale of Government property, and Count 25 with concealment of Government property.

The property in each instance was lead. An appeal from the conviction was heretofore dismissed for failure to prosecute.

Appellant then moved to vacate the sentence. This was denied in the District Court, and an appeal therefrom was dismissed for failure to prosecute.

Appellant thereafter moved to correct sentence,[1] which was denied by the District Court. This appeal is from that order of denial.

The District Court sentenced appellant to ten years imprisonment on each of the first 12 Counts, the terms to run concurrently; ten years on Count 13 to run consecutively to Count 1; ten years on Counts 14 to 25, inclusive, to run concurrently with Count 13 and with each other, or a total sentence of 20 years.

█ Appellant mistakenly argues that the theft of Government property, and the sale thereof, are one and the same crime. They are not.

But were he correct, the sentence on Count 25 (which he does not maintain is the same crime as is charged in Counts 1 to 12), concurrent with Count 13, can only be consecutive to Count 1. As the District Court said:

> " * * * Thus the total sentence of twenty years imprisonment is a valid one, whether or not Counts 13 through 24 support a sentence consecutive to the sentence imposed on Counts 1 through 12."

█ The difficulty with appellant's position is that he assumes the lead stolen by him on twelve separate occasions and sold by him on twelve separate different occasions and concealed by him on a still different date is in reality but twelve transactions, involving but twelve amounts of lead. This is not so, from the record before us. Appellant is not so charged. The thefts of which appellant was convicted occurred on twelve separate dates between December 1, 1953 and November 1, 1954. The sales of which he was convicted were on certain dates between December 9, 1953 to November 1, 1954, and the concealment of which he was convicted was on December 15, 1954. That each sale did not constitute exactly what was last previously stolen is established beyond doubt (a) by the existence of lead capable of being concealed on December 15, 1954, after the last sale, and (b) while the first four sales follow chronologically the first four thefts, the fifth sale on April 3, 1954 was *prior* to the fifth theft on April 15, 1954. Thus there were properly charged against appellant twenty-five different acts, each prohibited by 18 U.S. C. § 641, and for each of which appellant was convicted.

The cases appellant cites do not apply to the factual situation here presented.

United States v. Chiarella, 2 Cir., 187 F.2d 12, involves the counterfeiting statute (18 U.S.C.A. § 472), and holds that a person passing counterfeited money, in *receiving* it and *delivering* it as part of a *sale* of it, committed one act, all relating to one transaction.

Smith v. United States, 6 Cir., 211 F. 2d 957, involves the theft of two letters,[2] with no indication the theft took place at more than one time and place, and holds there was but one offense.

O'Neill v. United States, 6 Cir., 236 F. 2d 636, involves the theft, charged in six Counts, of various letters from the United States mail,[3] but Count II, involving 689 letters, included the 138 letters in Count I; the one letter in each of Counts III, IV, V and VI.

Rayborn v. United States, 6 Cir., 234 F.2d 368, 370, involves the interstate transportation of stolen firearms and ammunition; charged in fourteen counts.[4]

This case thus concerns the same statute involved in this appeal. The court there upheld the conviction on the first four counts, involving the *receipt* of two different machine guns on two occasions, and *possession* of the same two machine

---

1. Under 28 U.S.C. § 2255.

2. 18 U.S.C.A. § 1709.

3. 18 U.S.C.A. § 1709.

4. 18 U.S.C.A. § 101—now, 18 U.S.C.A § 641.

guns, transferred in violation of the tax requirements.[5]

The remaining counts refer to certain various firearms and ammunition, concededly transported simultaneously on a single trip. The court held that this was but one transaction, that the government could not prosecute for the interstate transportation of each single bullet (any more than here the government could prosecute for the theft or sale of each pound or ounce of lead).

The courts points out that:

" * * * the test of identity of offenses is generally stated to be, 'whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statute.' "

Here the proof necessary to convict the appellant on each of the 25 Counts was different; each was a separate transaction involving different actors and different scenes, and, (except for two instances where the theft and sale were on the same day) involved different dates.

The government properly relies here on United States v. Dolasco, 3 Cir., 184 F.2d 746, 749; Carroll v. Sanford, 5 Cir., 167 F.2d 878; Lewis v. Hudspeth, 10 Cir., 103 F.2d 23; Carroll v. United States, 6 Cir., 174 F.2d 412, certiorari denied 338 U.S. 874, 70 S.Ct. 136, 94 L. Ed. 536; United States v. Carpenter, 7 Cir., 143 F.2d 47; United States v. Dunbar, 7 Cir., 149 F.2d 151, certiorari denied 325 U.S. 889, 65 S.Ct. 1577, 89 L. Ed. 2002; and Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126.

See also: Parmagini v. United States, 9 Cir., 42 F.2d 721; Henry v. United States, 9 Cir., 215 F.2d 639; and Logan v. United States, 9 Cir., —— F.2d ——.

The judgment of the District Court denying correction of sentence is affirmed.

---

LEMMON, Circuit Judge (concurring).

I concur in the result.

My associates have seen fit to dignify this appeal with a *per curiam* opinion consisting of five typewritten pages. In my view, the appeal is frivolous, and should be hustled out of court forthwith.