**Alvin LOGAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15470.**

United States Court of Appeals Ninth Circuit.

Oct. 22, 1957.

Rehearing Denied Nov. 26, 1957.

jeopardy, since the two counts stated the same offense, the same intent and the same continuous act.

It has been consistently held that the crimes of facilitation of transportation of and sale of heroin are separate and distinct acts. Henry v. United States, 9 Cir., 215 F.2d 639, and that consecutive penalties may be imposed where defendant is found guilty of each crime which is separately stated in an indictment. Parmagini v. United States, 9 Cir., 42 F.2d 721.

The denial is affirmed.

Alvin Logan, in pro. per.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the trial court denying a motion to vacate and set aside a sentence imposed upon Logan after he had been found guilty by a jury on two counts of an indictment. The first of these charged that this defendant received, concealed, transported and facilitated the concealment and transportation of 84 grains of heroin, which he knew had been imported into the United States of America contrary to law. The other count charged defendant sold and facilitated the sale of the same 84 grains of heroin.

It is contended that the sentence imposed upon the latter count is void for want of jurisdiction, that the District Court was barred from imposing a sentence of two years on this count consecutive to a five year sentence which had been passed on the first count, and that imposition of this additional sentence on the second count constituted double