James Boyd BROWN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16038.

United States Court of Appeals. Ninth Circuit.

April 7, 1959.

Rehearing Denied April 30, 1959.

James Boyd Brown, in pro. per.

Laughlin E. Waters, U. S. Atty., Norman W. Neukom, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and JERTBERG, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Brown was charged with offenses relating to narcotics. The cause was retried, after remand by this Court because of remarks by the District Judge during the trial, and, upon conviction there, the trial court sentenced Brown under 21 U.S.C.A. § 174, as follows:

> On Count Two for selling one ounce, 324 grains, of heroin on March 4, 1953.

> On Count Three for selling one ounce, 440 grains, of heroin on March 13, 1953.

> On Count Four for receiving, concealing and facilitating the transportation of one ounce, 324 grains, of heroin.

> On Count Five for receiving, concealing and facilitating the transportation of one ounce, 440 grains, of heroin.

There has never been any question but that the same heroin was involved in Counts Two and Four and a different lot in Counts Three and Five.

The conviction was before this Court on appeal, and was affirmed. Brown v. United States, 9 Cir., 222 F.2d 293. Upon familiar principles, the sentence must be deemed likewise to have been affirmed according to the previous precedents of this Court. Henry v. United States, 9 Cir., 215 F.2d 639; Logan v. United States, 9 Cir., 253 F.2d 708; Parmagini v. United States, 9 Cir., 42 F.2d 721.

But it is now claimed that there is a jurisdictional defect in the sentences under the two counts here attacked. Such a point can be raised in a proceeding under 28 U.S.C.A. § 2255, of course. At the threshold, Brown is met with the objection that no relief can be given him until he is presently entitled to release if his claim be established.

Brown does not even contend he is entitled to immediate release from custody under such circumstances. He impliedly, and perhaps expressly, concedes that he is serving valid sentences on Counts Two and Three which have not yet expired.

This is the distinction carefully pointed out in the concurring opinion in Bridges v. United States, 9 Cir., 259 F.2d 611, 618. In that case it was held that a claim that Bridges had unwittingly pleaded to the wrong indictment entitled him to an immediate trial of the unified charge, since all sentences would be vitiated if the claim were true. Here there is no such situation. Brown is confined under two valid sentences, whatever would be the merits of his claims as to Counts Four and Five. He would not be entitled to relief under Shelton [1] or Crow.[2] The cause is ruled by the series of cases decided in this Court.[3] A ma-

1. Shelton v. United States, 5 Cir., 246 F. 2d 571; see also Shelton v. United States, 5 Cir., 242 F.2d 101.

2. Crow v. United States, 9 Cir., 186 F. 2d 704.

3. Oughton v. United States, 9 Cir., 215 F.2d 578; Williams v. United States, 9 Cir., 236 F.2d 894; Hoffman v. United States, 9 Cir., 244 F.2d 378; Toliver v. United States, 9 Cir., 249 F.2d 804; Miller v. United States, 9 Cir., 256 F.2d 501;

**120**

jority of the justices of the Supreme Court recently held in a concurring opinion[4] that "a motion under § 2255 may be filed only by a prisoner claiming the right to be released," thereby affirming the position consistently maintained here.

The case of Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, can be distinguished upon this point. Cf. Harris v. United States, 79 S.Ct. 560, at page 563. The sentences approved by this Court on a previous appeal are not now subject to review under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The appeal is dismissed.

Smith v. United States, 9 Cir., 259 F. 2d 125.

4. Heflin v. United States, 79 S.Ct. 451, concurring opinion at page 454.